UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  **CV 15-8648 DMG (AFMx)**                                    **Date:** November 10, 2015

Title  **Camden USA, Inc. v. Fadi Moussaoui, Does 1 to 10**

Present: The Honorable: Dolly M. Gee, U.S District Judge

| Kane G. Tien | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:
              N/A                                                       N/A

**Proceedings:  (In Chambers)**        **ORDER REMANDING MATTER TO STATE COURT**

On August 26, 2015, Camden USA, Inc. ("Plaintiff") instituted unlawful detainer proceedings against Fadi Moussaoui and Does 1 to 10 ("Defendants") in state court. (Compl.)  Defendants have allegedly continued in unlawful possession of the property located at 3900 San Fernando Road, #2223, Glendale, California (the "Property") that is owned by Plaintiff. (Compl. ¶¶ 3, 4.)  On June 9, 2015, Plaintiff entered into a 14 month lease with Defendants at a rate of $2,583.00 per month. (Compl. ¶ 6.) Plaintiff estimates the fair rental value of the property as $86.10 per day. (Compl. ¶ 11.)  Plaintiff filed the unlawful detainer Complaint in state court after Defendants failed to comply with the notice to quit. The face of the Complaint states that the amount demanded does not exceed $10,000, and Plaintiff specifically alleges past due rent of $2,583.00, plus damages accruing at a rate of $86.10 per day since September 1, 2015 and reasonable attorney fees.  On September 1, 2015, Defendant Moussaoui filed a Demurrer to the Complaint claiming that the Complaint is defective in that the Notice to Quit was and is inappropriate and defective and fails to state a cause of action against Defendant.  (Demurrer, p. 3.) Defendant Moussaoui removed the action to this Court on November 5, 2015.  Defendant Moussaoui asserts federal question jurisdiction.  (Ntc. of Removal, p. 2.)  Diversity jurisdiction is not alleged. (Civil Cover Sheet at 1.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue.  *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).  A defendant attempting to remove an action

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6 / REMAND

## CIVIL MINUTES – GENERAL

Case No. **CV 15-8648 DMG (AFMx)**          **Date:** November 10, 2015

Title    **Camden USA, Inc. v. Fadi Moussaoui, Does 1 to 10**

from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). A "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

       Subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's Complaint here contains a single cause of action for unlawful detainer, a state law claim. There is no federal question jurisdiction even if Defendants alleged an actual or anticipated federal defense to the claim or a counterclaim arising under federal law. *See Caterpillar, Inc.*, 482 U.S. at 392-93; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's complaint. Accordingly, Defendants have failed to meet their burden of showing federal question jurisdiction exists.

       Moreover, the Notice of Removal has not alleged diversity jurisdiction, and it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. § 1332. The amount demanded on the face of the Complaint is alleged not to exceed $10,000 -- well below the statutory threshold of $75,000. The Complaint specifically asserts a claim for past due rent of $2,583.00, plus ongoing damages at a rate of $86.10 per day, the costs of suit, and reasonable attorney fees. (Compl. at ¶¶ 11, 17.) Defendants have made no plausible allegations showing how those damages would exceed $75,000. Nor have Defendants alleged diversity of citizenship.

       The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

cc: Pro Se Defendants

                                                                  :  
**Initials of Preparer**     KT